Hast, J.
The question presented is whether the trial court after granting leave to the plaintiff to file a third amended petition, which in fact was filed the same day the leave was granted, abused its discretion in sustaining a motion to dismiss such third amended petition for want of prosecution, thereby denying the plaintiff a review of the sufficiency of her third amended petition.
The Court of Appeals, in its opinion, expressed its position as follows:
“We have examined the original petition and all of the amendments thereto, and we find no material difference in them. After the judgment of March 28, 1947, sustaining the demurrer to the amended petition, this action of the court could have properly been made the subject of review by filing a notice of appeal, which is not done. After a delay of almost two years, the plaintiff is seeking, by filing a third amended petition, to have all the procedure prior thereto made the subject of review. We do not deem it necessary to enter into a discussion of the legal questions presented to the trial court on the demurrer to the amended petition, for the reason that the trial court was correct in determining that, because of the situation which we have just outlined, there was a want of prosecution, and the case was properly dismissed.”
It is true that the plaintiff could have elected not to plead further and have judgment entered against her upon the sustaining of the demurrer to her amended petition and thus on appeal could have had a review as to the sufficiency of her petition. But she chose to file a second amended petition, as she had a right to do. Upon her failure to file her third amended peti *14 tion within the period of leave granted, the court could have dismissed her action for want of prosecution.
But, after the court on March 7, 1949, granted the plaintiff leave to file her third amended petition within 10 days and the plaintiff on the same day filed her third amended petition, the court could not later without abuse of discretion sustain the defendants’ motion to dismiss the cause for want of prosecution because of failures in the prosecution of the case prior to the last grant of leave to file.
The Court should have overruled the motion or treated it as a demurrer to the third amended- petition. If the third amended petition is insufficient, as to which question this court cannot rule in advance of such rulings by the trial court and the Court of Appeals, the trial court could have sustained the motion as a demurrer. See Hayes v. Weaver, 61 Ohio St., 55, 61, 55 N. E., 172; Miller v. Hixson, Treas., 64 Ohio St., 39, 56, 59 N. E., 749. The court could then have refused leave to plead further and rendered judgment, and the plaintiff’s right to have the sufficiency of her third amended petition passed upon on review would have been preserved.
The judgment of the Court of Appeals is reversed and the cause remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed.

Zimmerman, Stewart, Middleton, Taet and Matthias, JJ., concur.